■ ANNA GOLDBERGER, Respondent, v. HENRY J. GOLDBERGER, Appellant.— Order unanimously modified to the extent of providing that when defendant resumes working at any job he shall immediately notify the attorney for plaintiff, who may thereupon move for an increase in alimony or reinstatement of the alimony provided in the original order. Upon such motion Special Term shall refer the matter to an Official Referee for a full and complete hearing on the earning capacity of defendant and the financial circumstances of the parties. The reduced alimony payments of $20 weekly and the payments on arrears in the amounts of $5 weekly, as presently provided in the order appealed from, shall continue until the final determination of such motion, which determination, in the court's discretion, may include a retroactive provision. Settle order on notice. Concur — Peck, P. J., Breitel, Botein, Rabin and Valente, JJ.

■ MARILYN S. SHAIN, by Her Guardian ad Litem, FRANK SHAIN, et al., Respondents, v. ISRAEL L. CRAUSMAN, Appellant.— The award of $3,000 to plaintiff Frank Shain is clearly excessive. That sum apparently included an allowance by the jury for plastic surgery, out of that item listed in the bill of particulars at $5,000. However, there was no proof as to that item. The sum of $23,211.10 awarded to the infant is amply sufficient to provide for plastic surgery if that is required. Judgment, insofar as it is in favor of the infant plaintiff, unanimously affirmed, with costs; insofar as it is in favor of the plaintiff Frank Shain individually, it is unanimously reversed and a new trial ordered, with costs to the appellant to abide the event, unless the said plaintiff, Frank Shain, stipulates to reduce the judgment in his favor individually to $710 in which event the judgment, as so modified, is affirmed, without costs. Settle order on notice. Concur — Peck, P. J., Breitel, Botein, Rabin and Cox, JJ.